**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CELANESE CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. ____________** |
| | § | |
| **ONEBEACON AMERICA INSURANCE COMPANY AND RESOLUTE MANAGEMENT, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants OneBeacon America Insurance Company ("OneBeacon") and Resolute Management, Inc. ("Resolute") hereby file this Notice of Removal to remove this action from the 116th District Court of Dallas County, Texas (Honorable Tonya Parker presiding). This Notice of Removal is supported by the facts set forth below and an index of the matters being filed is attached hereto as Exhibit 1.

## I. INTRODUCTION

Plaintiff, Celanese Corporation ("Celanese"), filed this action on or about October 30, 2015, in the 116th District Court of Dallas County, Texas styled Celanese Corporation v. OneBeacon America Insurance Company and Resolute Management, Inc. and bearing Cause No. DC-15-13336. See Exhibit 2(b).

OneBeacon and Resolute move to remove this lawsuit to this Court. This Court has diversity jurisdiction over this lawsuit because Plaintiff, Celanese, a Delaware corporation with its principal place of business in Texas, and Defendants, OneBeacon, a Pennsylvania corporation with its principal place of business in Minnesota, and Resolute, a Nebraska corporation with its

principal place of business in Nebraska, are completely diverse. Further, this case was timely removed, the amount in controversy requirement is satisfied, and all Defendants consent to the removal.

## II. BACKGROUND

### A. This Case Was Timely Removed.

Celanese effectuated service of process on Defendant, OneBeacon, on November 9, 2015. See Exhibit 2(c). Resolute accepted service through its counsel of record on November 13, 2015. See Exhibit 3, Resolute Acceptance of Service. This Notice of Removal has been filed well within thirty (30) days after service of process occurred and is filed within one year of the filing of the Petition. Thus, removal is timely under 28 U.S.C. § 1446(b).

### B. Brief Overview of the Petition

In its Petition, Celanese seeks declaratory judgments against OneBeacon and Resolute in connection with certain insurance policies alleged to have been issued to Celanese by OneBeacon between 1965 and 1972. See Exhibit 2(b) at ¶¶ 34-50. Celanese claims that OneBeacon and its third-party claims administrator, Resolute, are liable for the entirety of a judgment entered against Celanese in Angie Keene, as Personal Representative of the Estate of Dennis Seay and Linda Seay, Individually v. 3M Company, et al., in the Court of Common Pleas, Spartanburg County, C/A No. 2013-CP-42-03915 (the "Seay Suit") in the amount of fourteen million dollars ($14,000,000). Id. at ¶¶ 30-42. It also claims that OneBeacon and Resolute are liable for the entirety of any final judgments entered against or settlements entered into by Celanese in three other pending actions:

- Gerald Smith, et al. v. Armstrong International, Inc., et al., in the Court of Common Pleas, Spartanburg County, C/A No. 2015-CP-42-02292 (the "G. Smith Suit");

- Frankie Van Hammett and Shirley Hammett v. Aurora Pump Co., et al., in the Court of Common Pleas, Spartanburg County, C/A No. 2014-CP-42-1896 (the "Hammett Suit");
- Charlotte Gaye Smith and Gary Deane Smith v. CBS Corporation, et al., in the Court of Common Pleas, York County, C/A No. 2015-CP-46-2155 (the "C. Smith Suit").

Id. at ¶¶ 43-50. In addition to these declaratory judgments, Celanese also seeks "direct, indirect, consequential and incidental unliquidated damages in an amount to be determined at trial[,]" plus exemplary damages, as a result of its claim that Resolute tortiously interfered with Celanese's insurance contracts with OneBeacon. Id. at ¶¶ 51-55.

## III. GROUNDS FOR REMOVAL

Removal is proper in this case pursuant to 28 U.S.C. §§ 1332 and 1441. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States..." 28 U.S.C. § 1332(a). Removal is proper in this action because the amount in controversy exceeds $75,000 and because complete diversity exists between the parties.

### A. Citizenship of the Parties

Citizenship of the parties for diversity is determined at the time of filing. *Grupo Dataflux v. Atlas Group, L.P.*, 541 U.S. 567, 570-71 (2004). In the present case, the citizenship of all parties to this action at the time of filing and presently is as follows. Defendant, OneBeacon, is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal

place of business in Minnesota.[1] Defendant, Resolute, is a corporation organized under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska.[2] See Exhibit 4, Resolute's Nebraska Re-Domestication. Plaintiff, Celanese, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Texas. See Exhibit 2(b) at ¶ 2. Because neither OneBeacon nor Resolute are citizens of the same state as Celanese, complete diversity exists between the parties.

**B. Amount in Controversy**

"[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). "When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, 'the object of the litigation is the policy and the value of the right to be protected is plaintiff's potential liability under that policy.'" St. Paul

[1] In paragraph 3 of its Petition, Celanese states that OneBeacon is organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Massachusetts. It is true that prior to its re-domestication to Pennsylvania in 2013, OneBeacon was organized under the laws of the Commonwealth of Massachusetts. However, this information is irrelevant for the purposes of determining complete diversity of the parties for removal of this action because diversity is determined at the time of filing. Grupo, 541 U.S. at 570-71.

Further, OneBeacon's re-domestication from Massachusetts to Pennsylvania in 2013 is a matter of public record and, if this fact is disputed by Celanese, OneBeacon will submit any additional documentation required by the Court.

[2] In paragraph 4 of its Petition, Celanese states that Resolute is a corporation organized under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts. It is true that prior to its re-domestication to Nebraska in June 2015, Resolute was organized under the laws of the State of Delaware. However, this information is irrelevant for the purposes of determining complete diversity of the parties for removal of this action because diversity is determined at the time of filing. Grupo, 541 U.S. at 570-71.

Likewise, the analysis underlying this Court's order remanding another case between the same parties earlier this year for lack of diversity does not apply to the current proceedings. See Celanese Corp. v. OneBeacon Am. Ins. Co., No. 3:14-CV-3985-L, 2015 U.S. Dist. LEXIS 82953 (N.D. Tex. June 25, 2015) (Order adopting Magistrate Judge's Recommendation); Celanese Corp. v. OneBeacon Am. Ins. Co., No. 3:14-CV-3985-L, 2015 U.S. Dist. LEXIS 83917 (N.D. Tex. May 27, 2015) (Findings, Conclusions, and Recommendation of the United States Magistrate Judge). The state court action in the first matter was filed on October 2, 2014, prior to Resolute's redomestication to Nebraska in June 2015. Therefore, at the time of filing, Celanese and Resolute were both citizens of Delaware. In the present matter, at the time the State Court Action was filed, October 30, 2015, Resolute was no longer a citizen of Delaware and complete diversity existed (and still exists) between Plaintiff and Defendants. See Exhibit 4, Resolute's Nebraska Re-Domestication.

Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998), quoting Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698, 700 (S.D. Miss. 1988). In declaratory judgment cases involving the applicability of an insurance policy to a particular claim, "the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy." Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002), quoting 14B Charles Alan Wright et al., Federal Practice and Procedure § 3710 (3d ed. 1998).

In its Petition, Celanese seeks a declaration that OneBeacon and Resolute are liable for the judgment entered against Celanese in the amount of $14,000,000 in the Seay Suit, ***regardless*** of policy limits or other limitations in the insurance policies issued to Celanese. See Exhibit 2(b) at ¶¶ 30-42, Prayer, ¶¶ 1-3. It also seeks a declaration that OneBeacon and Resolute are liable for the entirety of any final judgments or settlements in three other lawsuits currently pending against Celanese: the G. Smith Suit, the Hammett Suit, and the C. Smith Suit, ***regardless*** of the policy limits or other limitations in the insurance policies issued to Celanese. Id. at ¶¶ 43-50, Prayer, ¶¶ 4-5. In addition to these declarations, Celanese has also pled a tortious interference claim against Resolute, seeking an award of direct, indirect, consequential and incidental liquidated damages, plus punitive or exemplary damages. Id. at ¶¶ 51-55, Prayer, ¶ 6. With respect to this claim, Celanese states "[i]n addition to the other relief sought by way of this Petition, Celanese seeks monetary relief over $1,000,000." Id. at ¶ 28.

Taken together, Celanese's allegations against OneBeacon and Resolute collectively seek declarations of liability in excess of $14,000,000 and an award of more than $1,000,000 in monetary damages. These claims are well in excess of the $75,000 amount in controversy requirement. Accordingly, the monetary jurisdictional perquisite to federal jurisdiction under 28 U.S. § 1332(a) is satisfied.

### C. Venue

Venue is proper in this District and Division because they are the "district and division embracing the place where such action is pending[,]" Dallas County, Texas. 28 U.S.C. § 1441(a).

## IV. JOINDER/CONSENT OF ALL DEFENDANTS

Defendants, OneBeacon and Resolute, join in and consent to the removal of this action to this Court.

## V. NOTICE AND RESERVATION OF RIGHTS

In accordance with 28 U.S.C. § 1446(a) and Rule 81.1(a) of the Local Rules for the United States District Court for the Northern District of Texas, attached are true and correct copies of: (1) Index of Matters Being Filed; (2) Certified copies of documents on file in State Court Action, Cause No. DC-15-13336 with the Dallas County District Clerk including Plaintiff's Original Petition and Request for Disclosure filed on October 30, 2015 and Docket Sheet; (3) Resolute's Acceptance of Service; (4) Resolute's Nebraska Re-Domestication Documents; (5) List of All Counsel of Record; (6) OneBeacon's Certificate of Interested Persons; (7) Resolute's Certificate of Interested Persons; (8) Federal Civil Cover Sheet; and (9) Northern District of Texas Supplemental Civil Cover Sheet, attached hereto as **Exhibits 1-9**, respectively.

Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the action is pending, and will serve such notice on Celanese as the only other party. 28 U.S.C. §§ 1446(a), (d).

By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving their right to raise any defense and/or ground for dismissal or right to seek transfer of this matter to another district.

## VI. CONCLUSION

For the foregoing reasons, Defendants, OneBeacon and Resolute, respectfully request that this action be removed to this Court.

DATED and FILED November 30, 2015.

Respectfully submitted,

*/s/ Robert M. Hoffman*

Andrews Kurth LLP
Robert M. Hoffman
State Bar No. 09788200
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: 214-659-4653
Facsimile: 214-915-1483robhoffman@andrewskurth.com

**ATTORNEYS FOR ONEBEACON AMERICA INSURANCE COMPANY**

*/s/ D. Patrick Long*

D. Patrick Long (Texas Bar No. 12515500)
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave, Suite 1700
Dallas, Texas 75201
Phone: 214-758-1500
Fax: 214-758-1550
E-Mail: Patrick.Long@squirepb.com

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Amanda D. Price (Texas Bar No. 24060935)
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Phone: 713-546-5850
Fax: 713-546-5830
E-Mail: Amanda.Price@squirepb.com

John M. Nonna, *pro hac vice to be filed*
Suman Chakraborty, *pro hac vice to be filed*
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Phone: 212-872-9800
Fax: 212-872-9815
E-Mail: John.Nonna@squirepb.com
Suman.Chakraborty@squirepb.com

**ATTORNEYS FOR DEFENDANT RESOLUTE MANAGEMENT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 30, 2015, a true and accurate copy of the foregoing document was filed with the Clerk of Court and copies of the same have been provided by first class mail, postage prepaid to following counsel of record:

Misty L. Pless
Kasowitz, Benson, Torres & Friedman LLP
700 Louisiana Street, Suite 2200
Houston, Texas 77002
Tel: (713) 220-8800
Fax: (713) 222-0843
mpless@kasowitz.com

/s/ *Robert M. Hoffman*