IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| ONEBEACON AMERICA | § | |
| INSURANCE COMPANY AND | § | |
| RESOLUTE MANAGEMENT, INC., | § | |
| | § | |
| Defendants. | § | |

## EXHIBIT 2

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back
Location  All District Civil Courts   Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-13336

CELANESE CORPORATION vs. ONEBEACON AMERICA INSURANCE
COMPANY et al

§
§
§
§
§

Case Type:  **INSURANCE**
Date Filed:  **10/30/2015**
Location:  **116th District Court**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | ONEBEACON AMERICA INSURANCE COMPANY | |
| DEFENDANT | RESOLUTE MANAGEMEN INC | |
| PLAINTIFF | CELANESE CORPORATION | MISTY L. PLESS *Retained* 713-626-1386(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 10/30/2015 | NEW CASE FILED (OCA) - CIVIL | | |
| 10/30/2015 | ORIGINAL PETITION *Plaintiff's Original Petition and Request for Disclosure and Civil Case Information Sheet* | | |
| 10/30/2015 | ISSUE CITATION | | |
| 10/30/2015 | JURY DEMAND | | |
| 11/04/2015 | CITATION | | |
| | ONEBEACON AMERICA INSURANCE COMPANY | Served Returned | 11/09/2015 11/11/2015 |
| | RESOLUTE MANAGEMEN INC | Unserved | |
| 11/04/2015 | CITATION ISSUED | | |
| 11/11/2015 | RETURN OF SERVICE *CITATION RETURN* | | |
| 11/11/2015 | RETURN OF SERVICE *CITATION RETURN— DUPLICATE* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF** CELANESE CORPORATION | | |
| | Total Financial Assessment | | 333.00 |
| | Total Payments and Credits | | 333.00 |
| | **Balance Due as of 11/30/2015** | | **0.00** |
| 11/02/2015 | Transaction Assessment | | 333.00 |
| 11/02/2015 | CREDIT CARD - TEXFILE (DC)   Receipt # 65026-2015-DCLK | Celanese Corporation | (333.00) |

FILED
DALLAS COUNTY
11/30/2015 6:32:55 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. ___DC-15-13336_____

| CELANESE CORPORATION, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | |
| ONEBEACON AMERICA | § | DALLAS COUNTY, TEXAS |
| INSURANCE COMPANY AND | § | |
| RESOLUTE MANAGEMENT, INC., | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Plaintiff CELANESE CORPORATION and files this Original Petition

complaining of Defendants ONEBEACON AMERICA INSURANCE COMPANY and

RESOLUTE MANAGEMENT, INC. and for causes of action would respectfully show the

Court and Jury as follows:

## DISCOVERY

1.     Plaintiff intends to conduct discovery under a Level 2 discovery control plan

pursuant to Texas Rule of Civil Procedure 190.3.

## PARTIES

2.     Plaintiff CELANESE CORPORATION ("Celanese") is a Delaware corporation

with its principal place of business in Dallas County, Texas.  Celanese is engaged primarily in

the business of developing and producing materials used in consumer products.

3.     Defendant ONEBEACON AMERICA INSURANCE COMPANY, formerly

known as Commercial Union Insurance Company ("OneBeacon"), is an insurance company

organized under the laws of the Commonwealth of Massachusetts, with its principal place of

business in Boston, Massachusetts.  OneBeacon is qualified to, and is conducting and

transacting, business in Dallas County, Texas.  OneBeacon may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, under Section 804.103(b) of the Texas Insurance Code.

      4.    Defendant RESOLUTE MANAGEMENT, INC. ("Resolute Management") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.  At all times pertinent, Resolute Management was licensed to do business, and was and is conducting and transacting business, in the State of Texas. Resolute Management identifies itself as a "third party administrator" that handles, administers, makes coverage decisions and "processes" insurance claims for insurance companies including, without limitation, OneBeacon.  Resolute Management is a wholly-owned subsidiary of National Indemnity Company, who in turn is a wholly-owned subsidiary of Berkshire Hathaway, Inc.  National Indemnity Company has issued a finite reinsurance policy to an affiliate of OneBeacon covering its "long tail" environmental, asbestos and product liability losses, which are at issue in this case.  Except as expressly stated otherwise herein, in performing the acts complained of herein, Resolute Management was, and is, the duly authorized agent of OneBeacon, acting within the course and scope of such agency with the full knowledge and informed consent of OneBeacon.  Resolute Management may be served with process by serving its registered agent, William T. Ellis, 3333 Lee Parkway, Suite 200, Dallas, TX 75219.

## JURISDICTION AND VENUE

      5.    This Court has subject matter jurisdiction over this lawsuit, because it is a court of general jurisdiction and the amount in controversy exceeds the Court's minimum jurisdictional requirements.

6.     The Court has personal jurisdiction over the Defendants because the Defendants have purposefully availed themselves of the privilege of conducting business activities within the State of Texas and purposefully established more than minimum contacts with the State of Texas by conducting and doing business in the State of Texas.

7.     Venue is proper in this Court under Texas Civil Practice & Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.  Venue is also proper in this Court under Texas Civil Practice & Remedies Code Section 15.002(a)(4) because Celanese resides currently and resided in Dallas County at the time of accrual of the causes of action alleged herein.

**FACTS**

8.     Celanese has been (and continues to be) a defendant in four (4) lawsuits pending in South Carolina state court:

- *Angie Keene, as Personal Rep. of the Estate of Dennis Seay and Linda Seay, Individually v. 3M Company, et al*, in the Court of Common Pleas, Spartanburg County, C/A No. 2013-CP-42-03915 (the "*Seay* Suit")

- *Gerald Smith et. al. v. Armstrong International, Inc., et al* in the Court of Common Pleas, Spartanburg County, C/A No. 2015-CP-42-02292 (the "*G. Smith* Suit")

- *Frankie Van Hammett and Shirley Hammett v. Aurora Pump Co., et al.*, in the Court of Common Pleas, Spartanburg County, C/A No. 2014-CP-42-1896 (the "*Hammett* Suit*")*

- *Charlotte Gaye Smith and Gary Deane Smith. v. CBS Corporation, et al*, in the Court of Common Pleas, York County, C/A No. 2015-CP-46-2155 (the "*C. Smith* Suit")

The *Seay* Suit, the *G. Smith* Suit, the *Hammett* Suit and the *C. Smith* Suit may collectively be referred to herein as the "Underlying Suits."

9.     In the Underlying Suits, the plaintiffs seek recovery from Celanese for alleged damages because of bodily injury resulting from the alleged injurious exposure to conditions at premises owned or operated by predecessors of Celanese, including facilities located in Spartanburg, South Carolina.  The Underlying Suits seek money damages from Celanese on various theories of recovery, including strict liability, negligence, and failure to warn.

10.     OneBeacon's predecessor Commercial Union was an insurance company that issued primary comprehensive general liability insurance policies to Celanese between at least 1965 and 1973 (the "Liability Insurance Policies").  OneBeacon is responsible for all obligations of Commercial Union under the Liability Insurance Policies issued to Celanese. The Liability Insurance Policies issued to Celanese provide coverage, including (without limitation) the duty to defend and indemnify Celanese (as those terms are commonly understood in the insurance business) from and against the Underlying Suits.

11.     OneBeacon issued at least the following known Liability Insurance Policies to Celanese responsive to Underlying Suits:

| Policy Number | Policy Period |
|---|---|
| 131LC2 | 06/01/65 – 07/01/68 |
| 131LC3 | 06/01/65 – 07/01/68 |
| 131CLC4 | 05/01/65 – 07/01/68 |
| 131LC10 | 07/01/68 – 07/01/71 |
| 131LC11 | 07/01/68 – 07/01/71 |
| 131AH 25 40 02 | 01/01/69 – 01/01/70 |
| CY-9500-002 | 07/01/69 – 07/01/71 |
| CY-9500-034 | 07/07/71 – 07/01/72 |
| EY-9500-047 | 07/07/72 – 07/07/73 |

The Liability Insurance Policies are accessible to and in the possession of Defendants.

12.     The Liability Insurance Policies share certain characteristics including, without limitation, the following:

4

- Agreement to pay "all sums" that Celanese is legally obligated to pay as damages because of bodily injury that took place, in any respect or to any degree, during their respective policy periods;

- No exclusion for the bodily injury claims at issue; they contain no self-insured retention or deductible for which Celanese allegedly would be responsible; and

- As primary policies, they contain an unlimited, supplemental duty to defend, requiring a defense for Celanese of any suit, even if the allegations are groundless, false or fraudulent.

13.     Promptly upon the receipt of service, Celanese tendered the Underlying Suits to OneBeacon for defense and indemnity.  OneBeacon, through its purported third party administrator Resolute Management, acknowledged that the Underlying Suits triggered obligations under the Liability Insurance Policies, agreed to defend Celanese in each of the Underlying Suits without reserving the right to deny coverage, and has controlled the defense and settlement of the Underlying Suits on Celanese's behalf ever since.  Defendants appointed defense counsel at Hawkins, Parnell, Thackston & Young LLP to defend Celanese in the Underlying Suits.

14.     From Celanese's initial response to the Complaint through trial OneBeacon, through its appointed counsel, controlled the defense and settlement of the *Seay* Suit.

15.     The *Seay* Suit alleged bodily injury resulting from exposure to asbestos-containing materials, including mesothelioma.  A jury trial commenced on September 28, 2015.  Upon information and belief, for the entire duration of the trial, plaintiffs communicated to counsel appointed by OneBeacon a standing offer to settle the case for $750,000, which remained open until the verdict was rendered.  The standing settlement demand was within the applicable limits of liability of the OneBeacon policies.  OneBeacon failed and refused to settle within the limits of the Liability Insurance Policies prior to the verdict in the *Seay* Suit; indeed,

5

Upon information and belief, OneBeacon never provided appointed defense counsel any authority to settle during the trial.

16.     On October 8, 2015, a jury verdict was published in the *Seay* Suit in favor of the plaintiffs and against Celanese for $14,000,000, comprised of $12,000,000 in compensatory damages and $2,000,000 in punitive damages.  While a judgment has been entered by the trial court in the *Seay* Suit consistent with the jury's verdict, post trial motions have been filed: (i) for a new trial; (ii) for judgment notwithstanding the verdict; and (iii) for remittitur.  These three post-trial motions remain pending.

17.     Prior to the issuance of the verdict in the *Seay* Suit, and by virtue of OneBeacon and Resolute Management having controlled the defense and settlement of the case, Celanese had no reason to believe its liability could possibly exceed the limits of the Liability Insurance Policies.  Indeed, as late as the morning of the verdict, OneBeacon and its appointed counsel refused to settle and instead chose to "keep going."

18.     The *G. Smith* Suit and *Hammett* Suit are currently pending before the same judge in South Carolina as the *Seay* Suit.  The *C. Smith* Suit is pending in York County, South Carolina.  Each of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit contain allegations similar to the *Seay* Suit, of alleged exposure to asbestos-containing materials at premises in Spartanburg, South Carolina.  The *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit likewise involve bodily injuries, including mesothelioma.  Also like the *Seay* Suit, the defense and settlement of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit have been controlled since service by Defendants, through appointed counsel.

19.     Upon information and belief, plaintiffs in the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit have also made settlement demands and offers to OneBeacon's appointed

counsel to settle the claims against Celanese for amounts within the limits of the Liability

Insurance Policies. Defendants have failed and refused to accept these settlement offers, as

well.

20.     On October 27, 2015, Resolute Management notified Celanese for the first time

that it has determined the alleged liability of Celanese in the Underlying Suits is not covered

under any of the Liability Insurance Policies. Resolute Management asserted that the alleged

harm in the Underlying Suits resulted when plaintiffs were exposed to conditions in

Spartanburg when the premises was under the control of a Celanese affiliate not insured under

the Liability Insurance Policies. Resolute Management claimed that other insurers should be

involved in the Underlying Suits on Celanese's behalf. This was the first time Celanese was

informed by Defendants that they did not consider the Underlying Suits to be covered under

the Liability Insurance Policies and/or that other insurers could be responsible for the alleged

or found harm in the Underlying Suits.

21.     Resolute Management also stated for the first time on October 27, 2015 that

OneBeacon would contribute to payment or settlement of the Underlying Suits, but only up to

a purported "per person limit" under four of the Liability Policies for a total of $850,000 for

each of the Underlying Suits under a "single occurrence" theory neither supported by the

policy language nor recognized in the law. Resolute Management denied that OneBeacon had

any obligations under the remainder of the Liability Insurance Policies because it did not

"believe" Celanese requested coverage under all of the Liability Insurance Policies. Resolute

Management also otherwise disagreed coverage was available for all the Liability Insurance

Policies for the same reasons as stated above, and reserved all rights. This eleventh hour

reservation of rights is improper, inconsistent with the previous disclaimer of any right to deny

coverage, upon which Celanese reasonably relied in ceding control of the defense to OneBeacon in the first place, and legally invalid.

22.     Despite being in complete control of the defense of the Underlying Suits, Defendants did not inform Celanese of any need or solicit the involvement of any other Celanese insurer until October 27, 2015.

23.     By virtue of the "handling" and controlling of the defense and settlement of the *Seay* Suit by Defendants, and the resultant verdict, Celanese is concerned that Defendants' "handling" and control of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit may similarly result in the imposition of significant liabilities, for which Defendants will later decry liability.

24.     OneBeacon is bound, by the terms of the Liability Insurance Policies, due to its control of the defense and settlement of the Underlying Suits and applicable law, to pay 100% of Celanese's indemnity costs that Celanese may pay or incur in judgments and settlements associated with the Underlying Suits, including the entirety of any subsequent judgment in the *Seay* Suit, regardless of policy limits or other limitations in the Liability Insurance Policies. The fact that the exposure represented by the current judgment exceeds the limits of the Liability Policies is irrelevant, since the verdict amount is a consequence of the Defendants' control of the defense and unreasonable refusal to settle within the limits of the Insurance Liability Policies.  In addition, Defendants are liable for the entirety of the *Seay* Suit judgment to the extent Defendants' handling (or mishandling, as the case may be) has prejudiced Celanese's ability to seek recoveries from other potential insurers.

25.     Throughout the time period relevant here, Resolute Management assumed responsibility as the "third party administrator" for claims for bodily injury asserted against OneBeacon policyholders, including Celanese.  This was done without the consent of

Celanese.  Resolute Management performs the roles that more suitably, and traditionally, had

been performed by OneBeacon, including (i) indentifying and retaining defense counsel, and

approving payment of defense costs incurred by OneBeacon policyholders, including Celanese;

(ii) approving settlement of claims asserted against OneBeacon policyholders, including

Celanese; and (iii) paying settlement expenses on behalf of Commercial Union policyholders,

including Celanese.  After tender, all of Celanese's communications with its insurer

OneBeacon concerning the Underlying Suits has been exclusively through Resolute

Management.

26.     On information and belief, Resolute Management also took control over the

following business operations of OneBeacon:

- Resolute Management is responsible for commencing, conducting, defending, pursuing, prosecuting, settling, appealing or compromising claims and litigation filed by OneBeacon policyholders, such as Celanese, against OneBeacon.

- Resolute Management is responsible for developing and implementing all of OneBeacon's strategic decisions in addressing issues raised by its policyholders, such as Celanese.

- Resolute Management is responsible for hiring the attorneys to represent OneBeacon in coverage litigation with its policyholders, such as Celanese.

- Resolute Management is responsible for deciding whether, and for what amount, OneBeacon will resolve claims asserted against it by policyholders, such as Celanese.

- Resolute Management is responsible for deciding whether, and to what extent, OneBeacon will assert contribution or subrogation rights against other insurance companies.

27.     As a wholly-owned subsidiary of National Indemnity Company, Resolute

Management has "handled" OneBeacon claims in a manner whose sole purpose is to delay

payment, so that its parent National Indemnity Company would not have to pay out some of

their reinsurance funds owed for OneBeacon losses.  Resolute Management has tortiously interfered with Celanese's rights under the Liability Insurance Policies for the sole benefit of Resolute Management and its owners and affiliates, including (without limitation) National Indemnity Company and ultimate parent Berkshire Hathaway, Inc.

28.     The damages sought herein are within the jurisdictional limits of the Court. In addition to the other relief sought by way of this Petition, Celanese seeks monetary relief over $1,000,000.

29.     Celanese has performed fully its obligations under the Liability Insurance Policies, including payment of premiums, provision of notice and cooperation.

## CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT (*SEAY*)
### (AGAINST ONEBEACON)

30.     Celanese incorporates the allegations set forth in Paragraphs 1-29 above as if fully set forth herein.

31.     A justiciable controversy exists between Celanese and OneBeacon regarding their respective rights and liabilities under the Liability Insurance Policies.

32.     Under the Texas Declaratory Judgment Act, Celanese respectfully requests that the Court make a declaration as to rights, status, and other legal relations existing between Celanese and OneBeacon under the Liability Insurance Policies.  *See* TEX. CIV. PRAC. & REM. CODE § 37.003-004.

33.     Celanese seeks a declaration by the Court that by virtue of OneBeacon's control of the defense and settlement of the *Seay* Suit, and handling Celanese's claim related thereto without notifying Celanese or any other Celanese insurer prior to the verdict in the *Seay* Suit of any potential excess liability, the entirety of the final judgment or settlement in the *Seay* Suit is

the responsibility of OneBeacon as a consequence of its control, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein.

## COUNT II – DECLARATORY JUDGMENT (*SEAY*)
### (AGAINST ONEBEACON)

34.     Celanese incorporates the allegations set forth in Paragraphs 1-33 above as if fully set forth herein.

35.     A justiciable controversy exists between Celanese and OneBeacon regarding their respective rights and liabilities under the Liability Insurance Policies.

36.     Under the Texas Declaratory Judgment Act, Celanese respectfully requests that the Court make a declaration as to rights, status, and other legal relations existing between Celanese and OneBeacon under the Liability Insurance Policies.  *See* TEX. CIV. PRAC. & REM. CODE § 37.003-004.

37.     Celanese is informed that throughout the entirety of the trial in the *Seay* Suit, plaintiffs held open a standing demand and offer to settle the claims against Celanese within the policy limits of the Liability Insurance Policies.  This offer was communicated to counsel appointed by OneBeacon, and by counsel to OneBeacon, but was never accepted.  In fact, Celanese is informed that OneBeacon never authorized any settlement amount during the trial in the *Seay* Suit.

38.     Celanese seeks a declaration by the Court that by virtue of OneBeacon's failure to accept the *Seay* Suit plaintiffs' settlement offer within the policy limits of the Liability Insurance Policies during trial, and instead subjecting Celanese to a verdict for which over $13,150,000 OneBeacon now claims is not its responsibility, OneBeacon is liable for the entirety of the final judgment or settlement as a consequence of its failure to settle within

policy limits, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein.

## COUNT III – DECLARATORY JUDGMENT (*SEAY*)
### (AGAINST ALL DEFENDANTS)

39.     Celanese incorporates the allegations set forth in Paragraphs 1-38 above as if fully set forth herein.

40.     A justiciable controversy exists between Celanese and Defendants regarding their respective rights and liabilities under the Liability Insurance Policies.

41.     Under the Texas Declaratory Judgment Act, Celanese respectfully requests that the Court make a declaration as to rights, status, and other legal relations existing between Celanese and Defendants under the Liability Insurance Policies.  *See* TEX. CIV. PRAC. & REM. CODE § 37.003-004.

42.     For purposes of this Cause of Action, Resolute Management is **not** the agent of OneBeacon.  Celanese seeks a declaration by the Court that OneBeacon and Resolute Management are liable for the entirety of the final judgment or settlement in the *Seay* Suit because the claims "handling" by OneBeacon and Resolute Management resulted in no other Celanese insurer being placed on notice of the *Seay* Suit until after the verdict was published, which has or could materially prejudice Celanese's rights to recover covered losses from other insurers.

## COUNT IV – DECLARATORY JUDGMENT (*G. SMITH, HAMMETT* AND *C. SMITH*)
### (AGAINST ONEBEACON)

43.     Celanese incorporates the allegations set forth in Paragraphs 1-42 above as if fully set forth herein.

44.     A justiciable controversy exists between Celanese and OneBeacon regards their respective rights and liabilities under the Liability Insurance Policies.

45.     Under the Texas Declaratory Judgment Act, Celanese respectfully requests that the Court make a declaration as to rights, status, and other legal relations existing between Celanese and OneBeacon under the Liability Insurance Policies. *See* TEX. CIV. PRAC. & REM. CODE § 37.003-004.

46.     Celanese seeks a declaration by the Court that by virtue of OneBeacon's control of the defense and settlement of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit, and in light of the results to date in the *Seay* Suit, OneBeacon is liable for the entirety of any final judgment or settlement as a consequence, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein.

### COUNT V – DECLARATORY JUDGMENT (*HAMMETT* AND *SMITH*) (AGAINST DEFENDANTS)

47.     Celanese incorporates the allegations set forth in Paragraphs 1-46 above as if fully set forth herein.

48.     A justiciable controversy exists between Celanese and Defendants regards their respective rights and liabilities under the Liability Insurance Policies.

49.     Under the Texas Declaratory Judgment Act, Celanese respectfully requests that the Court make a declaration as to rights, status, and other legal relations existing between Celanese and Defendants under the Liability Insurance Policies. *See* TEX. CIV. PRAC. & REM. CODE § 37.003-004.

50.     For purposes of this Cause of Action, Resolute Management is **not** the agent of OneBeacon. Celanese seeks a declaration by the Court that OneBeacon is liable for the entirety of any final judgment or settlement in the *G. Smith* Suit, *Hammett* Suit and *C. Smith*

Suit because the claims "handling" by OneBeacon and Resolute Management has resulted in no other insurer being placed on notice of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit, which has or could materially prejudice Celanese's rights to recover covered losses from other insurers.

### COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACT
### (AGAINST RESOLUTE MANAGEMENT)

51.     Celanese incorporates the allegations set forth in Paragraphs 1-50 above as though fully stated herein.

52.     Celanese has insurance contracts with OneBeacon.  Pursuant to these contracts, OneBeacon is obligated to pay in full Celanese's legal liabilities, including all sums spent in judgment and settlements in connection with the Underlying Suits.

53.     For purposes of this Cause of Action, Resolute Management is **not** the agent of OneBeacon.  On information and belief, Resolute Management has willfully and purposefully induced OneBeacon materially to breach each of the Liability Insurance Policies, for the sole benefit of Resolute Management, its owners and affiliates, including (without limitation) National Indemnity Company and Berkshire Hathaway.

54.     As a direct and proximate cause of Resolute Management's tortious interference with Celanese's contracts, including (without limitation) controlling the defense and settlement of the Underlying Suits in place and in stead of OneBeacon, Celanese has suffered direct, indirect, consequential and incidental unliquidated damages in an amount to be determined at trial, within the jurisdictional limits of the Court.

55.     Resolute Management's acts and omissions in this regard were malicious, fraudulent and/or grossly negligent, justifying the imposition of exemplary damages.

## COUNT VII – ATTORNEYS' FEES
## (AGAINST ALL DEFENDANTS)

56.     Celanese incorporates the allegations set forth in Paragraphs 1-55 above as though fully stated herein.

57.     Celanese is entitled to recover its reasonable and necessary attorneys' fees in connection with its requests for declaratory judgment (Counts I-V) pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

### JURY DEMAND

58.     Celanese demands a jury and has tendered the appropriate fee with the filing of this Original Petition.

### PRAYER

WHEREFORE, Celanese requests the following relief:

1.     On the First Count, Celanese seeks a declaration by the Court that by virtue of OneBeacon's control of the defense and settlement of the *Seay* Suit, and handling Celanese's claim related thereto without notifying Celanese or any other insurers prior to the verdict in the *Seay* Suit of any potential excess liability, the entirety of the final judgment or settlement in the *Seay* Suit is the responsibility of OneBeacon as a consequence of its control, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein.;

2.     On the Second Count, Celanese seeks a declaration by the Court that by virtue of the OneBeacon's failure to accept the *Seay* plaintiffs' settlement offer within the policy limits of the Liability Insurance Policies during trial, and instead subjected Celanese to a verdict for which OneBeacon now claims over $13,150,000 is not its responsibility, OneBeacon is liable for the entirety of the final judgment or

15

settlement as a consequence of its failure to settle within policy limits, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein;

3.      On the Third Count, Celanese seeks a declaration by the Court that OneBeacon and Resolute Management are liable for the entirety of the final judgment or settlement in the *Seay* Suit because the claims "handling" by OneBeacon and Resolute Management resulted in no other insurers being placed on notice of the *Seay* Suit until after the verdict was published, which has or could materially prejudice Celanese's rights to recover covered losses from other insurers;

4.      On the Fourth Count, Celanese seeks a declaration by the Court that by virtue of OneBeacon's control of the defense and settlement of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit, and in light of the results to date in the *Seay* Suit, OneBeacon and Resolute Management are liable for the entirety of any final judgment or settlement as a consequence, not subject to limitation by the limits of the Liability Insurance Policies or any other term therein;

5.      On the Fifth Count, Celanese seeks a declaration by the Court that OneBeacon is liable for the entirety of any final judgment or settlement in the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit because the claims "handling" by OneBeacon and Resolute Management has resulted in no other insurers being placed on notice of the *G. Smith* Suit, *Hammett* Suit and *C. Smith* Suit, which has or could materially prejudice Celanese's rights to recover covered losses from other insurers;

6.    On the Sixth Count, Celanese seeks that the Court award to Celanese: (i) direct, indirect consequential and incidental unliquidated damages, with interest in the maximum amount allowed by law, to be determined at trial; and (ii) punitive or exemplary damages sufficient to deter such wrongful conduct by Resolute Management and others similarly situated;

7.    On the Seventh Count, for reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 37.009 and 38.001; and

8.    On all Counts, that the Court award Celanese its reasonable fees, all costs of court, and such other and further relief, general or special, whether at law or in equity, to which Celanese may show itself justly entitled.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, you are requested to disclose, within 50 days of the service of this request, the information and/or materials described in Rule 194.2

Date:   October 30, 2015

Respectfully submitted,

**KASOWITZ BENSON TORRES &
FRIEDMAN, LLP**

By:  /s/ *Misty L. Pless*
Misty L. Pless
State Bar No. 24041254
mpless@kasowitz.com
700 Louisiana Street, Ste. 2200
Houston, Texas 77002
Tel: (713) 220-8800
Fax: (713) 222-0843

ATTORNEYS FOR PLAINTIFF
CELANESE CORPORATION

17

# CIVIL CASE INFORMATION SHEET

DC-15-13336

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED Celanese Corporation v. OneBeacon America Insurance Co. et al.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Misty L. Pless | Email:<br>MPless@kasowitz.com | Plaintiff(s)/Petitioner(s):<br>Celanese Corporation | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 700 Louisiana Street,<br>Suite 2200 | Telephone:<br>713-220-8819 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77002 | Fax:<br>713-583-5989 | Defendant(s)/Respondent(s):<br>OneBeacon America Insurance<br>Company;<br>Resolute Management, Inc. | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br>/s/ Misty L. Pless | State Bar No:<br>24041254 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☒ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

FILED
DALLAS COUNTY
10/30/2015 6:32:55 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-13336

CELANESE CORPORATION

vs. ONEBEACON AMERICA INSURANCE COMPANY et al

116th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $30

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    RESOLUTE MANAGEMENT INC
       BY SERVING REGISTERED AGENT WILLIAM T ELLIS
       3333 LEE PARKWAY SUITE 200
       DALLAS TX 75219

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CELANESE CORPORATION**

Filed in said Court **30th day of October, 2015** against

**ONEBEACON AMERICA INSURANCE COMPANY AND RESOLUTE MANAGEMENT INC**

For Suit, said suit being numbered **DC-15-13336,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of November, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                            /s/ Gay Smith
          By_____, Deputy
                  GAY SMITH



---

**ESERVE**

# CITATION

## DC-15-13336

---

**CELANESE CORPORATION**
vs.
**ONEBEACON AMERICA**
**INSURANCE COMPANY et al**

ISSUED THIS
**4th day of November, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY SMITH, Deputy

---

**Attorney for Plaintiff**
MISTY L. PLESS
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
700 LOUISIANA ST
SUITE 2200
HOUSTON TX 77002
713-220-8800

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-13336

Court No.116th District Court

Style: CELANESE CORPORATION

vs. ONEBEACON AMERICA INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Dianne Coffey

FILED
DALLAS COUNTY
11/11/2015 10:06:02 AM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   ONEBEACON AMERICA INSURANCE COMPANY
      BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN STREET SUITE 900
      DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CELANESE CORPORATION**

Filed in said Court **30th day of October, 2015** against

**ONEBEACON AMERICA INSURANCE COMPANY AND RESOLUTE MANAGEMENT INC**

For Suit, said suit being numbered **DC-15-13336**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of November, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas
                              /s/ Gay Smith
          By_____, Deputy
                  GAY SMITH



---

ESERVE

# CITATION

## DC-15-13336

**CELANESE CORPORATION**
vs.
**ONEBEACON AMERICA
INSURANCE COMPANY et al**

ISSUED THIS
**4th day of November, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY SMITH, Deputy

---

**Attorney for Plaintiff**
MISTY L. PLESS
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
700 LOUISIANA ST
SUITE 2200
HOUSTON TX 77002
713-220-8800

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-13336

Court No. 116th District Court

Style: CELANESE CORPORATION

vs. ONEBEACON AMERICA INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____ _____, _____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## CAUSE NO. DC-15-13336

CELANESE CORPORATION
VS.

IN THE 116TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS

ONEBEACON AMERICAN
INSURANCE COMPANY, ET AL.

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, ___Guy C. Connelly___ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is ___Guy C. Connelly___ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON _11/9/15_ (DATE) AT _10:00_ (_A_) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE came to hand for delivery to ONEBEACON AMERICA INSURANCE COMPANY BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM.

3. ON _11/9/15_ (DATE) AT _12:10_ (_P_) M (TIME) - The above named documents were delivered to: ONEBEACON AMERICA INSURANCE COMPANY BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM by delivering to

_Traci Hollywood, P.S._
(NAME AND TITLE), authorized agent for service @

_1999 Bryan Suite 900, Dallas, Tx 75201_
(ADDRESS), by CORPORATE Service

SIGNATURE
SCH# _2201_ EXPIRATION: _9/12/18_

Guy C. Connelly
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by ___Guy C. Connelly___ appeared on this _7_ day of _November_, 2015 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2015.11.107550

ANNA M CONNELLY
My Commission Expires
March 1, 2019